IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA

CASE NO:

DOROTHEA OZERITIES,

    Plaintiff,

vs.

TARGET CORPORATION, and
JOHN DOE,

    Defendants.

_____ /

## COMPLAINT

COMES NOW Plaintiff, **DOROTHEA OZERITIES**, and sues Defendants, **TARGET CORPORATION and JOHN DOE** and alleges:

1. This is an action for damages that exceeds thirty Thousand and One Dollars ($30,001.00), exclusive of interest, costs and attorneys' fees.

2. Plaintiff is a natural person residing in Polk County, Florida.

3. At all times material to this action, TARGET CORPORATION is a Minnesota corporation licensed and conducting in the State of Florida.

4. At all times material to this action, JOHN DOE, whose actual identity is unknown at this time, was the manager of the subject Target and resided in Florida.

5. At all times material hereto, Defendant, TARGET CORPORATION, was the owner and in possession of that certain business known as Target located at 3200 Rolling Oaks Boulevard,

1

**Exhibit 1**

Florida, said business being that of a retail store, open to the general public, including the Plaintiff herein.

6. On or about July 20, 2018, Plaintiff visited Defendant's premises located at the above address as a retail customer and while walking through the store she slipped on a liquid substance on the floor and fell.

## COUNT I
## NEGLIGENCE OF
## DEFENDANT, TARGET CORPORATION

Plaintiff realleges paragraphs 1 through 7 as if fully set forth herein.

7. At said time and place, Plaintiff was a guest at the retail store, lawfully upon the premises of the Defendant, who owed Plaintiff a duty to exercise reasonable care for her safety.

8. At said time and place, Defendant breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to properly clean the liquid substance off the floors, thus creating a hazardous condition to the Plaintiff, thus creating an unreasonably dangerous condition for Plaintiff;

   b) Negligently failing failed to inspect or adequately inspect the floor, as specified above, to ascertain whether the liquid substance constituted a hazard to retail customers utilizing said floor, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff.

   c) Negligently failing to properly warn the Plaintiff of the danger of the liquid substance on the floor , when Defendant knew or through the exercise of

reasonable care should have known that the liquid substance was unreasonably dangerous and that Plaintiff was unaware of same; and

d) Negligently failing to correct or adequately correct the unreasonably dangerous condition of the liquid substance on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

e) Negligently failing to train its employees of inspecting of dangerous conditions in the store;

f) Negligently violating the policies and procedures and safety training for inspecting the subject store for dangerous conditions.

9. As a result, while Plaintiff was visiting Defendant's business, located at the above address as a retail customer, she slipped and fell on a liquid substance, sustaining injuries as set forth.

10. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, DOROTHEA OZERITIES, sues the Defendant, TARGET CORPORATION, for damages and demands judgment in excess of Thirty Thousand Dollars and One ($30,001.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT II
## NEGLIGENCE AGAINST DEFENDANT JOHN DOE

Plaintiff realleges paragraphs 1-7 as if fully set forth herein.

11.   On or about July 20, 2018, Defendant, JOHN DOE, owed the Plaintiff, DOROTHEA OZERITIES, the duty to exercise reasonable care for the safety of the Plaintiff, DOROTHEA OZERITIES.

12.   At said time and place, Defendant, JOHN DOE, owed a duty of reasonable care to his customers, including Plaintiff, to provide a reasonably safe environment, to inspect and maintain this environment, and to request and authorize repairs to this environment, such that her customers would be protected from reasonably foreseeable injuries. Furthermore, Plaintiff, alleges that she breached these duties by doing the following:

   a) Defendant, JOHN DOE, as manager of Target store located at the above address, negligently failed to maintain or adequately maintain the floor, thus creating a hazardous condition to retail customers, legally on the premises, utilizing said floor, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff.

   b) Defendant, JOHN DOE, as manager of Target store, negligently failed to inspect or adequately inspect the floor, as specified above, to ascertain whether the liquid substance constituted a hazard to pedestrians utilizing said floor, including the

Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff.

c) Defendant, JOHN DOE, as manager of Target store, negligently failed to inspect or adequately warn the Plaintiff of the danger of the floor, when Defendant knew or through the exercise of reasonable care should have known that said floor was unreasonably dangerous and that Plaintiff was unaware of same.

d) Defendant, JOHN DOE, as manager of Target store, negligently failed to correct or adequately correct the unreasonably dangerous condition of the floor on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

e) Failing to properly train his/her employees in adequately remedying issues with the floor and/or failing to properly supervise them in maintaining the same;

f) Failing to properly train his employees in adequately warning customers of the store's dangerous conditions, such as liquid substance on the floor, through the proper placement of warning signs, and/or failing to properly supervise them in maintaining the same; and

g) Failing to alert TARGET CORPORATION, of the store's dangerous condition, specifically of the dangerous condition of the liquid substance on the floor, in order to request and authorize repairs or proper cleaning of the floor.

13. As a result, while Plaintiff, DOROTHEA OZERITIES, was visiting Defendant's premises located at the above address as a retail customer, she slipped and fell to the floor after stepping in the foreign transient liquid substance, sustaining injuries as set forth.

14. As a direct and proximate result of the negligence of Defendant JOHN DOE's negligence, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, DOROTHEA OZERITIES, sues the Defendant, TARGET CORPORATION and Defendant, JOHN DOE, for damages and demands judgment excess Thirty Thousand Dollars and One ($30,001.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 3rd day of January, 2020.

*/s/ Carla Nadal, Esquire*
CARLA NADAL, ESQ.
F.B.N: 0117162
Morgan & Morgan, P.A.
198 Broadway Avenue
Kissimmee, FL 34741
Telephone: (407) 452-6990
Facsimile: (407) 452-6989
Primary Email: CNadal@forthepeople.com
Secondary email: CVictor@forthepeople.com
Tertiary Email: JasminRodriguez@forthepeople.com